Affirmed and Memorandum Opinion filed October 23, 2008








Affirmed and Memorandum Opinion filed October 23, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00431-CR

NO. 14-07-00432-CR

_______________

 

JASON ASHLEY SPARKS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause Nos. 1039659 &
1064198

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N








The
State charged appellant, Jason Ashley Sparks, with two counts of aggravated
assault.  The causes were consolidated for trial, and a jury found appellant
guilty of both charges.  The jury assessed punishment of five years= confinement in each case to run
concurrently and granted probation in one of the cases.  In five issues,
appellant contends (1) the trial court erred by admitting evidence of
extraneous offenses during the guilt/innocence phase of trial, (2) the evidence
is legally insufficient to support his convictions, (3) the State=s jury argument denied appellant a
fair trial, and (4) appellant received ineffective assistance of counsel.[1] 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion and affirm.  Tex. R. App. P. 47.4.

I. Background

On
August 22, 2005, approximately two weeks before the incident at issue,
appellant was the victim of an attempted burglary or criminal trespass at his
residence.  During the break-in, appellant suffered a deep cut from broken
glass before the intruder escaped.  Following the incident, appellant purchased
a handgun, ostensibly for home protection. 

On
September 3, 2005, appellant=s estranged wife, Alvera Cross Sparks (ACross), asked appellant to watch
their two children for the day while Cross performed in a local concert.
Appellant agreed and drove to Cross=s  house to pick up the children. 
While at Cross=s home, appellant was introduced to Johnny Williams, Jr., Cross=s boyfriend.  Appellant then left
with the children, and Cross and Williams attended the concert.

At 8:16
p.m., Cross telephoned appellant to inform him that she was driving to his
house to pick up the children.  Approximately fifteen minutes later, Cross and
Williams arrived at appellant=s house.  Williams waited in his vehicle while Cross went to
appellant=s front door.  Appellant opened the door and shot Cross in the face and
back of the head.  When Williams drew his gun and fired at appellant, appellant
shot Williams in the arm. Appellant then ran away from the scene while yelling,
ASomebody tried to break into my
house.  Call the police.  Call 911.@  Williams and Cross drove to a
hospital and called 911. 








A few
minutes later, Harris County Sheriff=s Department deputies arrived at the
scene.  Fifteen to twenty minutes after the deputies arrived, appellant
returned to the scene and told Deputy James Castaneda that his house had been
burglarized. Appellant said that he shot the burglar and a person waiting in a
car outside the house.  After receiving treatment for their wounds, Cross and
Williams informed investigating detectives that appellant shot them.

Appellant
was convicted of two counts of aggravated assault.  This appeal followed. 

II. Analysis

In five
issues, appellant contends (1) the trial court erred by admitting evidence of
extraneous offenses during the guilt/innocence phase of trial, (2) the evidence
is legally insufficient to support his convictions, (3) the State=s jury argument denied appellant a
fair trial, and (4) he received ineffective assistance of counsel.

A.        Extraneous-Offense Evidence

In his
first issue, appellant claims the trial court violated Texas Rules of Evidence
403 and 404(b) by admitting extraneous-offense evidence of two unadjudicated
assaults that appellant allegedly committed against Cross.  








During
cross-examination, Cross testified that she sought psychiatric care and was
taking medication for depression because of appellant=s marital infidelity.  During
re-direct examination, the State sought to question Cross regarding other reasons
for her depression, which included previous assaults committed by appellant
against Cross.  However, the trial court excluded such evidence, finding that
probative value was substantially outweighed by the danger of unfair
prejudice.  During his case-in-chief, appellant presented a justification
defense, contending he was protecting his house and children from burglars. 
Further, appellant attempted to prove that he was not jealous of his estranged
wife=s new relationships and that he did
not know he was shooting his wife or her boyfriend.  In rebuttal, the State
offered evidence of appellant=s previous assaults against Cross, contending that the
evidence was offered to prove motive and intent.  Outside the presence of the
jury, the trial court conducted a balancing test and allowed the State to
present evidence regarding two of six previous assaults.

The
State recalled Cross, who testified that appellant had previously assaulted her
in the fall of 2002 and on May 17, 2005.  Sometime during the fall of 2002,
appellant cursed Cross, grabbed her cellular phone, and accused her of talking
to another man.  Appellant then threw the phone at Cross and pushed her into a
wall.  On May 17, 2005, appellant telephoned and questioned Cross regarding her
dating activities.  Later that same evening, appellant arrived at Cross=s home and confronted her.  Appellant
cursed at Cross, and when she told the children to go inside, appellant forced
his way into the house and told the children, ADon=t grow up to be bitches and whores
like your mother.@

We
review a trial court=s decision to admit extraneous-offense evidence under an
abuse of discretion standard.  Powell v. State, 63 S.W.3d 435, 438 (Tex.
Crim. App. 2001).  We will uphold the trial court=s admission of evidence when the
decision is within the zone of reasonable disagreement.  Id.  A trial
court=s decision in this matter is owed no
less deference than any other relevancy decision.  Moses v. State, 105
S.W.3d 622, 627 (Tex. Crim. App. 2003).

1.         Texas Rule of Evidence
404(b)








Evidence
of other crimes, wrongs, or bad acts that an accused may have committed are not
admissible to show an accused acted in conformity therewith and therefore
committed the crime charged.  See Tex. R. Evid. 404(b); Lockhart v.
State, 847 S.W.2d 568, 570 (Tex. Crim. App. 1992).  However, evidence of
extraneous offenses may be admitted for other purposes, including proof of
motive and intent.  See Tex. R. Evid. 404(b); Lockhart, 847
S.W.2d at 571.  Further, rebuttal of a defensive theory is also one of the
permissible purposes for which relevant evidence may be admitted under Rule
404(b).  See Moses, 105 S.W.3d at 626.  Through cross-examination and
during his case-in-chief, appellant attempted to establish a justification
defense by demonstrating that he believed he was shooting a home invader and
the invader=s accomplice, he was not jealous of his estranged wife=s new relationships, and he did not
know he was shooting his estranged wife or her boyfriend.  The unadjudicated
extraneous offenses were clearly relevant to disprove appellant=s justification defense and
demonstrate motive and intent.  Accordingly, the trial court did not abuse its
discretion by determining appellant=s previous assaults were relevant
rebuttal evidence.

2.         Texas Rule of Evidence 403

However,
even if relevant evidence is offered and admissible under Rule 404(b), a trial
court may nevertheless exclude the evidence if its probative value is
substantially outweighed by the danger of unfair prejudice.  Tex. R. Evid.
403.  In deciding this question, the trial court must conduct a balancing
test.  See Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999). 
Courts should consider the following factors under a Rule 403 analysis: (1) the
strength of the evidence in making a fact of consequence more or less probable;
(2) the potential of the extraneous-offense evidence to impress the jury in
some irrational but indelible way; (3) the amount of time the proponent needed
to develop the evidence; and (4) the strength of the proponent=s need for this evidence to prove a
fact of consequence.  Id.








Although
appellant admitted shooting Cross and Williams, he claimed  that he did not
know the person at his door was Cross or that the person waiting in the car
outside his home was Williams.  The State contended that appellant shot Cross and
Williams because he was jealous about their relationship.  As stated above, the
trial court admitted evidence regarding two of six extraneous assaults that may
have stemmed from appellant=s jealousy.  The State=s evidence rendered appellant=s justification defense less
probable, took little time to develop, and was proffered to show appellant=s state of mind.  Although the
evidence had some tendency to impress the jury indelibly and irrationally,
after measuring the trial court=s ruling against the relevant criteria by which a Rule 403
decision is made, we cannot conclude the trial court abused its discretion by
determining that the probative value of the rebuttal evidence was not
substantially outweighed by the danger of unfair prejudice.  We overrule
appellant=s first issue.

B.        Legal Sufficiency of the
Evidence

In his
second issue, appellant contends the evidence is legally insufficient to
support his convictions for aggravated assault because the State failed to
rebut (beyond a reasonable doubt) his claims of self-defense and defense of a
third person.  

In
reviewing the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict and determine whether a rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Salinas v.
State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  We ensure only that the
jury reached a rational decision and do not reevaluate the weight and
credibility of the evidence.  Muniz v. State, 851 S.W.2d 238, 246 (Tex.
Crim. App. 1993).  The jury  is the sole judge of the credibility of witnesses
and is free to believe or disbelieve all or part of a witness=s testimony.  Jones v. State,
984 S.W.2d 254, 257 (Tex. Crim. App. 1998).

A person
is justified in using force against another when and to the degree he
reasonably believes the force is immediately necessary to protect himself
against the other=s use or attempted use of unlawful force.  See Tex.
Pen. Code Ann. ' 9.31(a) (Vernon Supp. 2008).  A person is justified in using
force to protect a third person if (1) the actor would be justified in using
force to protect himself against the unlawful force he reasonably believes to
be threatening the third person he seeks to protect and (2) he reasonably
believes that his intervention is immediately necessary to protect the third
person.  See id. ' 9.33 (Vernon 2003).  








The
initial burden to produce evidence supporting self-defense rests with the
defendant.  Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App.
2003).  Once evidence is produced, the burden shifts to the State to disprove
the defense beyond a reasonable doubt.  Id.  This burden of persuasion
is not one that requires the production of evidence.  Id.  Rather, it
requires only that the State prove its case beyond a reasonable doubt.  Id. 
When a jury finds the defendant guilty, there is an implicit finding
against the defensive theory.  Id. 

Appellant
claims the following evidence supported his contention that his actions were a
reasonable use of force to protect himself and his children: (1) less than two
weeks before the incident at issue, he was the victim of an attempted burglary
or criminal trespass and suffered a deep cut during the invasion; (2) he
usually kept his gate and front door locked and believed that no one had duplicates
of his house keys; (3) the incident occurred at night, appellant requires
corrective lenses because he is nearsighted, and a neighbor observed him
without glasses shortly after the incident; and (4) appellant=s neighbor heard him yell for help
after the incident. 

Notwithstanding
appellant=s cited evidence and argument, after reviewing all of the evidence in a
light most favorable to the verdict, we conclude a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. 
Cross testified that, shortly before the incident, she telephoned and informed
appellant she was coming to pick up the children.  Further, when Cross arrived,
appellant shot her at close range (between two and twenty-four inches) before
he went outside to shoot Williams.  Therefore, the jury could have rationally
concluded that appellant knew he was shooting Cross and Williams. Accordingly,
we overrule appellant=s second issue.

C.        Jury Argument








In his
fourth issue, appellant contends the State engaged in improper jury argument. 
However, appellant failed to preserve error on this point.  Generally, to
preserve a complaint for appellate review, a party must have presented the
trial court with a timely request, objection, or motion stating the specific
grounds for the ruling sought.  Tex. R. App. P. 33.1(a)(1).  Specifically, to
complain on appeal regarding allegedly improper jury argument, an appellant
must show that he objected during trial and pressed the objection to an adverse
ruling.  See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App.
1996).  Because appellant did not object to the State=s argument, the error, if any, was
not preserved.  We overrule appellant=s fourth issue.

D.        Assistance of Counsel

In his
third and fifth issues, appellant contends he received ineffective assistance
of counsel.  Specifically, appellant contends his trial counsel failed to
object when the State accused counsel of unethical conduct.

To
prevail on an ineffective assistance claim, an appellant must prove by a
preponderance of the evidence that (1) counsel=s performance was so deficient as to
fall below an objective standard of reasonableness; and (2) there is a
reasonable probability that but for counsel=s unprofessional errors, the result
of the proceeding would have been different.  Strickland v. Washington,
446 U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d  808, 812 (Tex.
Crim. App. 1999).  To defeat the presumption of reasonable professional
assistance, any allegation of ineffective assistance must be firmly founded in
the record and the record must affirmatively demonstrate the ineffective
assistance.  Thompson, 9 S.W.3d at 814.  When the record is silent
regarding trial counsel=s strategy, we will not find the performance was deficient
unless the challenged conduct was Aso outrageous that no competent
attorney would have engaged in it.@  Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005).








During
cross-examination of appellant and during jury argument, the State implicitly
or explicitly accused appellant=s trial counsel of withholding evidence, specifically  by
taking possession of appellant=s gun.  Appellant argues his trial counsel was deficient by
failing to object to this allegation.  However, the record is silent regarding
trial counsel=s strategy.  Although trial counsel did not object to the State=s questions regarding her possession
of the handgun, in her closing argument, counsel contended that she was not
legally obligated to provide evidence to the State.[2] 
Accordingly, we cannot conclude that the challenged conduct was so outrageous
that no competent attorney would have engaged in it.  Appellant=s third and fifth issues are
overruled.

The
judgment of the trial court is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed October 23, 2008.

Panel consists of Justices Yates,
Seymore, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Appellant filed two briefs.  In his original brief,
appellant presented his extraneous-offense claim as issue one and his
legal-sufficiency claim as issue two.  In his supplemental brief, appellant
presented his ineffective-assistance claims as issues one and three and his
jury-argument claim as issue two.  For clarity, we will refer to his
extraneous-offense claim as issue one, his legal-sufficiency challenge as issue
two, his first ineffective-assistance claim as issue three, his jury-argument
claim as issue four, and his second ineffective-assistance claim as issue five.





[2]  We express no opinion regarding trial counsel=s alleged legal obligation to produce the gun or any
other evidence in her possession.